By the Court. Hoffman, J.
The general rule, that one partner cannot sue his co-partner for any payment or advance during the continuance of the relation, is not to be disputed.
In Sadler v. Nixon, (5 Barn. & Ad. R. 936,) this rule was applied, where all the three members of a firm had been sued, and judgment recovered. Upon an execution, the whole amount was paid by the plaintiff, who brought the action against one of the other members, to recover one-third of the amount. It was held, that the action would not lie.
The Court advert to the case of Helme v. Smith, (7 Bingham, R. 709,) and to the distinction of Chief-Justice Tindal, there made, that if it had been the case of co-partners, there would have been an end of the question; but part-owners were not necessarily partners.
In Helme v. Smith, the action was by a part-owner, and the managing owner of a vessel, against another part-owner, for his share of the balance due for the outfit of several voyages. The plaintiff was part-owner and ship’s husband. The defendant was owner of one-fourth, and interested in one-fourth of the voyages. The voyages had been concluded, and the ship sold; .but this latter fact is to be kept out-of view, in ascertaining what the Court determined.
Thus, Gaselee, Justice, said:—“No doubt, if one partner advances capital to another, he may recover it by action; but my difficulty is, to know whether the expenses of outfitting a ship *372 should form a portion of the general account, to be charged at the end of the voyage, or may be claimed at once.”
And by Bosanquet, Justice:—“ Before a voyage, the duty of each owner is, to contribute his share of the capital for the outfit of the ship. Here the ship’s husband, being a part owner, at the request of the others, advances their shares for them: that constitutes a debt which he is entitled to recover, independently of the profits of the voyage. Of those profits we know nothing; but the debt is found.”
Tindal, Chief-Justice, said:—“ The question is, whether, if one part-owner lays out money to enable the ship to proceed, he may not sue each of the owners for his share of the expense ? There is nothing to show, that the plaintiff’s claim was to depend on the profits of the voyage, or that he was to be deprived of remuneration, if the voyage turned out to be without profit. It might have been otherwise, if, by the course of trade, the ship’s husband was to look to the returns of the ship for the payment of his bill; but no such custom is stated, nor any thing to show that the plaintiff and defendant were partners.”
The action was sustained for one-fourth of the demand.
The referee, in the present case, has found, (under an allegation in the answer, that upon an accounting, the defendants would not be found indebted to the plaintiff,) that the defendants are creditors of the boat, for the sum of $274.52, the balance of an account.
The case is really, then, presented, upon these pleadings and proofs, of a concluded settlement, or at least, a liquidated state of the accounts, when this action was commenced; in which, upon the one side, the plaintiffs had a demand against the vessel of $718.57, and the defendants $274.52.
These relative demands being thus adjusted, there does not seem any good ground for refusing a right to recover, against the co-owners, separately, their proportionate amount.
We think, that when some of the joint-owners of a vessel have been sued, and judgment is recovered against them, (they omitting to plead the non-joinder of the others,) if some of them pay the amount, it is not an absolute rule, that they may not sustain an action for contribution, even pending the relation of joint-ownership. If it appear, that no accounts are outstanding, which may *373 change the apparent liability of the party sued, or perhaps wholly displace it, the mere fact of the continuance of the relation of part-owners will not defeat the suit.
But then, what proportion of the sum paid by the part-owner is to be recovered ?
We are at a loss to understand how it can be any more than an amount proportioned to the interest of the party sued; The action of the creditor settled nothing but the responsibility of the parties to him, and their responsibility in solido. (Collyer, p. 1050, § 1225.) The defendants in that action could not have restricted the recovery to a recovery against them, separately, for an amount in the ratio of their respective shares. The English rule and our own would not permit this, although in the ancient civil law, and in that of Holland, such a rule prevails. (Abbott on Shipping, p. 117.)
Between themselves, then, as to their respective liabilities for the amount thus paid, nothing was determined by the judgment in favor of the creditors; nothing could be there determined.
It must, then, be open to the part-owner to say, that supposing he can be sued as upon a liquidated demand, he is bound only to pay his aliquot part.
The case of Batard v. Hawes (20 Eng. L. & Equity Rep. 137) settled some points pertinent to the present. There were twelve joint-contractors, who had employed an engineer to make surveys and plans for their projected work. He was paid the amount of his demand by one of such contractors. The latter sued several of the others in separate actions. Some of the associates were dead. It was held, first, that the action could be brought against one separately; next, that he could recover only the aliquot proportion of the one sued, according to his interest at the time of the contract; although two were dead, when the action was commenced, the plaintiff could recover but one twelfth part from each.
The parties were not partners, but bound in a contract which might be looked upon as joint and several. Upon the second point, the Court say, “After entertaining considerable doubt on the subject, we have come" to the conclusion, that the rule, most in conformity with the authorities, the principles of law, and the convenience of the case, is to look to the numbers of the original *374 contractors for the purpose of determining the aliquot part which each contributor has to pay.”
We think, that upon the established facts of this case, the plaintiffs were entitled to recover one-fourth of the sum paid; viz.: $179.59, and are chargeable with oné-eighth of the balance in favor of the defendants, or $34.31. There remains due, then, $145.28, with interest from the 29th of May, 1854.
The judgment must be so modified.
Ordered accordingly.