By the Court—Hoffman, J.
The appeal is from a judgment entered on the decision of a Eeferee, dismissing the complaint with costs.
The action is against Stanton and Thomson, as principals, and Roe and Scranton, as sureties, on a bond given to obtain the discharge of an attachment of a vessel, under the statute “ for the collection of demands against ships and vessels. (2 R. S., p. 493.)
The plaintiffs furnished supplies to the vessel, on the order of the master. The plaintiffs and the defendants, Stanton and Thomson, were owners (with some others) of the vessel. The plaintiffs obtained an attachment, upon the usual affidavit of a debt contracted by the master and Stanton and Thomson, describing them as agents of the vessel. The vessel was attached by the Sheriff. The defendants, Stanton and Thomson, applied to have her discharged, and, having given the bond sued upon, procured such discharge.
The case resolves itself into this: Can one part owner make a particular advance for the use of the concern, sue the other part owners, attach the property, or go to judgment and execution, and take to himself part of the joint property ?—all this without the slightest reference to the position of each in general account with the others.
*653 We consider such a proposition to be clearly untenable.
The case of Wood v. Merritt, (2 Bosw., 368,) does not afford any support to the present claim. That case merely decides, that, where a judgment has been recovered against only two part owners of a vessel owned by them and others, for repairs done to it by a third person, and one of the two so sued pays the whole judgment, he may, in an action against his co-defendant, recover such part of the amount as it is the duty of the latter to pay, without making the other part owners parties to the action.
The judgment must be affirmed, with costs.
Affirmed accordingly.