# New York Marine Court.

### Trial Term—May, 1880.

## DANIEL L. STURGES, ET AL., *against* EDWARD G. JUDSON.

Right of part owners of a vessel to sue each other at law to recover advances made. Jurisdiction of marine court.

The plaintiffs, who were the agents and ship's husbands of the bark *Rockett*, sued to recover for advances made on account of the bark at the request of the defendant. The defendant, among other defenses, contended that because one of the plaintiffs was the owner of half of the vessel and the defendant the owner of the other half, they were in effect partners, and that an action at law was not maintainable, and that the appropriate remedy was by bill in equity for an accounting. Upon this ground the defendant moved to dismiss the plaintiff's complaint

*E. Seymour*, for plaintiff.

*Jas. F. Miller*, for defendant.

McADAM, J.—It is not an absolute, unqualified rule that a joint owner of a vessel may not sustain an action at law against the other owners for a contribution to a demand paid by him during the continuance of the relation (Wood v. Merritt, 2 *Bosw. 368*). Thus, in Helme *v.* Smith (7 *Bing.* 709), the action was by a part owner of a vessel against another part owner, for his share of the balance due for the outfit of several voyages. The plaintiff, in addition to being part owner, was the ship's husband. The defendant was owner of one-fourth, and interested in one-fourth of the voyages. GASELEE, Justice, said : "No doubt if one partner advances capi-

tal to another, he may recover it by action; but my difficulty is to know whether the expenses of outfitting a ship should form a portion of the general account to be charged at the end of the voyage, or may be claimed at once.

BOSANQUET, Justice, said : "Before a voyage the duty of each owner is to contribute his share of the capital for the outfit of the ship.    Here the ship's husband, being a part owner, at the request of the others, advances their shares for them; that constitutes a debt which he is entitled to recover, independently of the profits of the voyage." There is nothing in the present case to show that the plaintiffs' claim was to depend on the profits of the voyage, or that they were to be deprived of remuneration if the voyage turned out to be without profit.    According to the plaintiffs' theory, the defendant's agent told them to pay the draft drawn for the expenses incurred at Bermuda (the port which the vessel entered in distress), and that he would put them in funds sufficient to reimburse them as soon as he was properly informed of the required amount; and that after it was ascertained, an account thereof was made out and presented to the defendant, who referred the plaintiffs to his agent, who, upon looking over the account, made no objection to it, and said he had no money then, implying, as the plaintiffs contend, that if he had the money he would then have paid the claim. The action is brought to recover these advances. Daniel L. Sturges, one of the plaintiffs, had no interest in the vessel, but was partner of Thomas L. Sturges, who owned one-half of it, while the defendant owned the other half.    Under the circumstances, I hold that the question of partnership does not arise, and that this court has jurisdiction of the action, and that the trial thereof must proceed.    Upon the trial subsequently had, the jury awarded the plaintiffs $745.39 damages.

NOTE.—No appeal was taken.